IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SALLIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1389-SMY |
| | ) |
| CITY OF EAST ST. LOUIS, ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Sallie initiated this action against Defendant City of East St. Louis by filing his Complaint alleging Defendant violated Title VII of the Civil Rights Act of 1964 (Doc. 1). Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and Motion to Strike[1] (Doc. 8). For the following reasons, the Motion to Dismiss is **DENIED** and the Motion to Strike is **GRANTED**.

### Background

Plaintiff makes the following allegations in the Complaint (Doc. 1): Prior to November 21, 2022, Plaintiff was employed by the East St. Louis Police Department as a police officer. Doc. 1 ¶ 5. On March 31, 2022, Defendant placed Plaintiff on suspension without pay, and Plaintiff remained suspended until his resignation on November 21, 2022. *Id.* ¶ 6. Plaintiff was suspended without pay for this extended period of time because of his sex. Similarly situated female employees were either not suspended or not suspended without pay for a comparable length of time. Id. ¶ 7-8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

---

[1] The Court assumes Defendant's Motion to Strike is in the alternative to its Motion to Dismiss.

Commission ("EEOC") and received a right-to-sue letter on May 1, 2025. *Id.* ¶ 11.

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), arguing Plaintiff's statement that female employees were not suspended without pay for extended periods of time, without more, fails to satisfy the pleading standard set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In the alternative, Defendant moves to strike portions of the Complaint alleging violations of a collective bargaining agreement and Illinois state law, arguing that these allegations are irrelevant as Plaintiff did not include them in his EEOC complaint. Doc. 9 at 2.

## Discussion

### Motion to Dismiss

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Here, Defendant asserts Plaintiff's Complaint is subject to dismissal because "there are no facts alleged as to who took what action," and "[a] simple statement that female employees were not suspended without pay for extended periods of time is mere speculation." Doc. 9 at 2. Defendant argues Plaintiff must "allege what conduct occurred when female employees were not suspended[.]" *Id.* However, the Seventh Circuit has repeatedly emphasized that "[a] complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [their] sex." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (internal quotation omitted).

Here, Plaintiff alleges he is male, he was subjected to an adverse employment action by being suspended without pay for several months, he was subjected to this adverse employment action on the basis of his sex, similarly situated female employees were either not suspended or not suspended for an extended amount of time, and he received a right-to-sue letter from the EEOC. Doc 1. This is all that is required at the pleading stage. *Carlson*, 758 F.3d at 830. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) (Doc. 8) is denied.

**Motion to Strike**

Defendant also moves to strike that portion of Plaintiff's Complaint alleging "Defendant violated the collective bargaining agreement between the Defendant and Plaintiffs union [and] violated Illinois state law, specifically 65 ILCS 5/10-2.1-17," Doc. 1 ¶ 7. Defendant maintains these allegations are unrelated to Plaintiff's sex discrimination claim, were not included in Plaintiff's EEOC complaint, and are barred by the relevant statute of limitations.[2] Doc. 9 at 2-3. Plaintiff offers no argument in opposition to the motion.

---

[2] The Court notes the statute of limitations cited by Defendant, 740 ILCS 57/70, only applies to claims under the Illinois Drug Dealer Liability Act.

Pursuant to FRCP 12(f), courts may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Allegations may be stricken "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib*. Co., 961 F.2d 654, 664 (7th Cir. 1992).

Plaintiff's allegation that Defendant violated a collective bargaining agreement and a state law providing procedural safeguards for police officers facing removal or discharge is immaterial to Plaintiff's Title VII claim.  Accordingly, Defendant's Motion to Strike is granted.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 8) is **DENIED** and Defendant's Motion to Strike is **GRANTED**.  The portions of Paragraph 7 of Plaintiff's Complaint alleging violations of 65 ILCS 5/10-2.1-17 and the relevant collective bargaining agreement shall be **STRICKEN** from the Complaint.

**IT IS SO ORDERED.**

**DATED:  December 1, 2025**

_____
**STACI M. YANDLE**
**United States District Judge**